IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CHARLES RAY GOODNER,                       )
                                           )
        Petitioner,                        )
                                           )
v.                                         )        Case No. CIV-08-1095-R
                                           )
DAVID PARKER, Warden,                      )
                                           )
        Respondent.                        )

**O R D E R**

Before the Court are the Proposed Findings of Fact and Conclusions of Law entered by

United States Magistrate Judge Robert E. Bacharach in this habeas action on May 29, 2009 [Doc.

No. 39] and Petitioner's Objections to the proposed findings and conclusions.  Doc. No. 40.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Proposed Findings of Fact and

Conclusions of Law *de novo* in light of Petitioner's Objections.

Petitioner first objects to the Magistrate Judge's finding that Petitioner failed to establish by

clear and convincing evidence that the Oklahoma Court of Criminal Appeals made an unreasonable

determination of facts as to whether the Assistant District Attorney acted with subjective intent to

goad Petitioner into requesting a mistrial.  In a related objection, Petitioner objects to the Magistrate

Judge's finding that the objective evidence does not show by clear and convincing evidence that the

Assistant District Attorney acted with the subjective intent to goad Petitioner into requesting a

mistrial.  In connection with his first objection, Petitioner quotes *United States v. Dinitz*, 424 U.S.

600, 609, 96 S.Ct. 1075, 47 L.Ed.2d 267 (976) as quoted in *Oregon v. Kennedy*, 456 U.S. 667, 676,

102 S.Ct. 2083, 72 L.Ed.2d 416, 425 (1982), apparently implying that the Oklahoma court or the

Magistrate Judge applied the wrong standard.  That quote stressed that primary control over the

course to be followed remains with the defendant even when prosecutorial error is sufficient to

warrant a mistrial, with the subsequent sentence in *Oregon v. Kennedy* providing the exception, or

when it cannot be said that the defendant retained primary control or had real freedom of choosing

whether to move for a mistrial:

> Only where the governmental conduct is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.

*Oregon v. Kennedy*, 566 U.S. at 676,
102 S.Ct. 2083, 72 L.Ed.2d at 425.

Accordingly, Petitioner's first objection, to the extent it asserts that the Oklahoma Court of Criminal

Appeals or the Magistrate Judge applied the wrong standard, is without merit.  Petitioner's second

objection is directed to whether the objective evidence showed by clear and convincing evidence

that the Assistant District Attorney acted with subjective intent to goad Petitioner into requesting

a retrial.  Obviously, if the Magistrate's finding on this issue was in error, the Magistrate should

have found or at least could have found that the OCCA made an unreasonable determination of fact

as to the prosecutor's subjective intent.  However, the Court agrees with the Magistrate Judge that

the Petitioner failed to rebut by clear and convincing evidence the state court's finding that the

Assistant District Attorney did not act with the subjective intent to goad Petitioner in requesting a

mistrial.  A review of the transcript of the mistrial provides additional objective evidence that the

Assistant District Attorney did not act with the subjective intent to induce Defendant to move for

a mistrial.  The issue of how the condom wrapper was found and by whom came up naturally in the

course of Defendant's cross-examination of Deputy Sheriff Billy Leon Cox, *see* Mistrial Tr. at 157-

158, in response to Mr. Cox's vague testimony on direct examination that he was asked to go to the

alleged crime scene to assist in searching the scene after having been given information from "other

law enforcement" that "they" had found a condom wrapper and "wanted to find the condom."  *Id.*

at 147.  The Assistant District Attorney did not purposefully interject the issue of who found the condom wrapper.  Moreover, Defendant did not have to make a split-second decision as to whether to move for a mistrial, as Defendant argues.  Following a bench conference at which the Assistant District Attorney advised the Court that he found the condom wrapper at the alleged crime scene and the Court and counsel discussed whether the prosecutor had placed himself in the role of a witness and the appropriate course of action, *see id*. at 159-166, the Court conducted an evidentiary hearing outside the presence of the jury, *id*., at 166-189.  It was after that hearing that Defendant's counsel moved for a mistrial, which was certainly an option but by no means a compelled choice.  Even after Defendant's counsel moved for a mistrial, the trial court inquired: "Counsel, are you really sure you want a mistrial?"  Transcript of Request for and Granting of Mistrial at p. 3.  In response, Defendant's counsel requested an opportunity to visit with his client and only after consulting with his client and co-counsel did defense counsel reassert the request for a mistrial, *id*., which was granted.  *Id.* at p. 4.

Petitioner's objection to the Magistrate Judge's finding that the Assistant District Attorney was honest and credible in his testimony, "Proposed Findings of Fact and Conclusions of Law at p. 9, is without merit.  The Magistrate Judge, who conducted an evidentiary hearing at which Mr. Migliorino testified, was in the best position to assess Mr. Migliorini's credibility because he had the opportunity to observe his demeanor and body language.  The Court defers to his judgment as to Mr. Migliorini's credibility, noting that the Magistrate's finding is consistent with the testimony of Defendant's former counsel at the evidentiary hearing, Evidentiary Hearing Tr. at 40-41 (April 8, 2009) and the trial court's observation that he had "a very high regard for Mr. Migliorino's credibility" and had never "had him misrepresent anything to the Court . . . ."  Transcript of Request

for and Granting of Mistrial at p. 3.  The Court has reviewed the transcript of the evidentiary hearing

conducted by the trial judge and the testimony of Mr. Migliorino at the evidentiary hearing before

the Magistrate Judge and finds Mr. Migliorino's testimony to be credible and Defendant's arguments

to the contrary unpersuasive.

Petitioner also objects to the Magistrate Judge's finding that "[t]ests reflected a partial match

between Mr. Goodner's D.N.A. and the D.N.A. of a substance on the condom."  Proposed Findings

of Fact and Conclusions of Law at p. 2 ("Conclusions of Law and Findings of Historical Facts").

First, the fact that 4 out of a possible 13 sites of a partial DNA profile found in the condom matched

the Defendant's complete DNA profile, *see* Jury Trial Tr. at pp. 241-43, 247, is a "partial match,"

however much Defendant may want to argue semantics.  Secondly the Magistrate's recitation of this

fact is not material to the decision in this case.

Finally, Petitioner makes a fifth objection.  He objects to the Magistrate Judge's finding that

Mr. Migliorino elected not to file a *Burks* notice of other bad acts "because he was concerned that

evidence of uncharged acts would jeopardize other criminal cases against Mr. Goodner."  Proposed

Findings of Fact and Conclusions of Law at p. 11.  The Magistrate Judge's finding was a reasonable

inference from the testimony of Mr. Migliorino at the evidentiary hearing.  *See* Evidentiary Hearing

Tr. at pp. 66 & 106.  However, even without this finding, Petitioner has not shown by clear and

convincing evidence that the assistant district attorney intentionally goaded the Petitioner into

seeking a mistrial.  Even if the prosecutor simply made a mistake in not filing or forgot to file a

*Burks* notice, the objective evidence is that the issue of who found the condom wrapper came up

naturally in the course of trial and was not an issue purposefully interjected by the assistant district

attorney in an attempt to induce or with the subjective intent to induce Petitioner to move for a mistrial.

In accordance with the foregoing, the Proposed Findings of Fact and Conclusions of Law of United States Magistrate Judge Robert E. Bacharach [Doc. No. 39] are ADOPTED in their entirety and the petition of Charles Ray Goodner for a writ of habeas corpus is DENIED.

IT IS SO ORDERED this 2nd day of July, 2009.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE